UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| JENNIE REDLING and BRIAN REDLING, Individually and on behalf of others Similarly situated, | Civil Action No.: |
| Plaintiffs, | |
| -against- | **CLASS ACTION COMPLAINT** |
| EXPERIAN, | **DEMAND FOR JURY TRIAL** |
| Defendant(s). | |

-----------------------------------------------------------------X

Plaintiffs JENNIE REDLING and BRIAN REDLING ("Plaintiffs"), by and through their attorneys, Edward B. Geller, Esq., P.C., Of Counsel to M. Harvey Rephen & Associates, P.C., as and for their Complaint against the Defendant, EXPERIAN (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs bring this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of New York General Business Law §§ 349 and 350: N.Y. GBL § 349(a) and N.Y. GBL § 350 N.Y.

### PARTIES

2. Plaintiffs JENNIE REDLING and BRIAN REDLING are residents of the

State of New York, residing at 41 Wayne Avenue, Apt. 101, Suffern, New York 10901.

3. Defendant EXPERIAN has a place of business at 701 Experian Parkway, Allen, Texas 75013.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1332. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

6. Plaintiffs bring this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the NYS GBL §§ 349 and 350 as of the date of Plaintiffs' Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the NYS GBL §§ 349 and 350.

7. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the NYS GBL §§ 349 and 350.

9. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

10. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the NYS GBL §§ 349 and 350; (ii) Whether Plaintiffs and the Class have been injured by Defendant's conduct; (c) Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

11. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the NYS GBL §§ 349 and 350 as codified by 15 U.S.C. § 1692(k).

13. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

14. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16. Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. On July 30, 2015, Plaintiff JENNIE REDLING sought to view her credit report and searched online for a free service.

21. Plaintiff JENNIE REDLING had never obtained a copy of her credit report previously.

22. Plaintiff JENNIE REDLING accessed Defendant's website at www.experian.com. A copy of Defendant's home page is attached hereto as Exhibit "A."

23. Defendant's home page stated in very large white letters against a blue background: "Get Your Credit Report and FICO Score" beneath which was printed in upper case letters: "NOW GET YOUR FICO SCORE AND EXPERIAN CREDIT REPORT FOR $1." Actual Text size:

# WHAT'S YOUR
# FICO® SCORE?

## FIND OUT NOW WHEN YOU CHECK YOUR CREDIT REPORT FOR $1

24. The entire home page was printed in blue and white except for three (3)